IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH HINTON,

   Plaintiff,

v.                                            Civil Action No.: JKB-24-1212

WARDEN,
MARYLAND OFFICE OF THE
ATTORNEY GENERAL,

   Defendants.

## MEMORANDUM

Pending in the above-captioned case is Plaintiff's Motion for Extension of Time in which to file an Amended Complaint. (ECF No. 12.) Plaintiff seeks an additional 60 days, to and including October 5, 2024. As cause, he states that on July 11, 2024, he received an extension form for an Administrative Remedy appeal (ARP-WCI-0815-24), extending the time for the Commissioner of Correction to respond to the appeal to August 5, 2024. (*Id.* at 1.) He additionally states that he is waiting for a "belated response from the Maryland Board of Physicians regarding the Department of Health preliminary investigation into the professional misconduct of DPSCS . . . Physician's Assistant Crystal Jamison and DPSCS/YesCare Corp Physician/Chronic Care provider Kyle A. Smith." (*Id.* at 2.)

On April 29, 2024, this Court issued an Order requiring Plaintiff to either pay the full filing fee or file a Motion to Proceed in Forma Pauperis and to file an Amended Complaint naming individual defendants and describing the alleged failures to provide him with medical care. (ECF 3.) On May 24, 2024, Plaintiff filed a Motion for Extension of Time and a Motion for Emergency Injunction/TRO. (ECF No. 5; ECF No. 6.) Plaintiff had been transferred from Roxbury Correctional Institution ("RCI") to Western Correctional Institution ("WCI"). (*See* ECF No. 4.)

He alleged that, upon his transfer, he was suffering from "acute, chronic, and debilitating ocular migraines, blurred vision, vertigo, insomnia, and extreme distress/duress beyond any standard of humane care as a 'protected person'." (*Id.* at 2.) In his Motion for Emergency Injunction, Plaintiff claimed his transfer from RCI, an ADA-compliant institution, to WCI was done "nefariously." (ECF No. 6 at 1.) He states that he was not being afforded a single cell with accommodations for his visual impairment and was not provided with library books printed for visually impaired people, which he received at RCI. (*Id.*) He further alleged that Crystal Jamison and Kyle A. Smith failed to transfer his prescribed medication with him, causing a twenty-day interruption in receiving his prescribed medications. (*Id.* at 1–2.) He additionally alleged that he was not taken to his scheduled ophthalmologist appointment and on May 17, 2024, and he was denied a morning meal without reason or explanation. (*Id.* at 2.)

On June 12, 2024, the Office of the Attorney General was directed to respond to Plaintiff's request for injunctive relief. (ECF No. 7.) The Response was filed on July 5, 2024, along with a Motion to Seal the supporting medical records which the Court now grants. (ECF No. 9; ECF No. 11.)

According to the Response to Show Cause, which is supported by verified records, Plaintiff was indeed transferred from RCI to WCI without any measures taken to ensure he had prescribed medications available to him. (ECF 9-2 at 2 (Response to ARP WCI-0815-24).) However, the oversight was corrected, and nothing remains for this Court to do regarding Plaintiff's medications. (*Id.*) Additionally, Plaintiff was not taken to his ophthalmologist appointment because the date, time, and location was disclosed to him, which created a security risk. (ECF No. 9-3 at 2 (Response to ARP WCI-0801-24).) His appointment was rescheduled and occurred on May 23, 2024. (*Id.*) Lastly, Plaintiff did not receive breakfast on the date in question because there was a protest staged

2

by the inmates in his housing unit during which the inmates refused the morning meal in protest of a recent lock-down. (ECF No. 9-5 at 1 (Response to ARP WCI-0835-24).) Anyone who wanted to receive the meal was given an opportunity to indicate as much, and Plaintiff did not take advantage of that opportunity. (*Id.*)

Each of the allegations raised by Plaintiff in support of an injunction or temporary restraining order have been resolved, making his motion moot. Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e.g., Tawwab v. Metz*, 554 F.2d 22, 23-24 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Locke v. Bd. of Public Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972); *Uzzell v. Friday*, 401 F. Supp. 775 (M.D.N.C. 1975), *aff'd in pertinent part*, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545, 547-48 (D. Del. 1975). The motion for injunctive relief is denied.

Plaintiff's original complaint contained numerous legal conclusions that implicated all of the correctional and medical staff at RCI, but provided no description of how one or more persons violated his constitutional rights. (ECF No. 1.) Rather, his original complaint amounts to a request for this Court to order an investigation of Maryland Division of Correction facilities by the FBI

and the Department of Justice. (*Id.* at 4.) This Court is without authority to order an investigation of a prison based simply on Plaintiff's generalized grievances. To the extent this portion of Plaintiff's Complaint may be construed as a request for mandamus relief, his request fails to adequately state a claim. In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Plaintiff's request for an investigation is denied.

Plaintiff has now revealed in his motion for extension of time that he still pursuing administrative remedies regarding his claims. (ECF No. 12 at 1–2.) To the extent that he has not yet exhausted administrative remedies, his lawsuit is premature and subject to dismissal without prejudice. *See Porter v. Nussle*, 534 U.S. 516, 523-24 (2002) (exhaustion of administrative remedies prior to filing suit is mandatory under 28 U.S.C. § 1997e(a)). Additionally, Plaintiff's failure to submit a Motion to Proceed in Forma Pauperis or to pay the full filing fee remains unexplained, and he was forewarned that failure to comply with the Order would result in dismissal of his complaint without prejudice and without further notice.

In light of the above, Plaintiff's Motion for Extension of Time will be denied, his Motion for Injunctive Relief will be denied as moot, and his Complaint will be dismissed without prejudice. In the event that Plaintiff completes the exhaustion process and is able to name individual defendants with a description of the conduct he claims has violated his constitutional rights, he may file a new complaint in this Court.

A separate Order follows.

Dated this **7** day of **August**, 2024.

FOR THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge